FILED

2018 JAN -3 PM 2: 46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

Sandra Romo Orosco
15567 3rd St.
Victorville, CA 92395
p. 760-261-3495
f. no fax
e. ralphorosco1964@gmail.com

In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFONRIA

JOSEFA E DE LA MORA GARCIA,

    Plaintiff,

vs.

SANDRA ROMO OROSCO; EILEEN
OROZCO,

    Defendants.

ED CV18-00017 KK

Case No.:

## NOTICE OF REMOVAL

Removed from San Bernardino County
Superior Court
Barstow District Courthouse
Case Number: UDBS1702711

Pursuant to 28 U.S.C. § 1441 and § 1332

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL THE JUDGES THEREOF:**

    PLEASE TAKE NOTICE that pursuant to Title 28-Part IV, Chapter 89, commencing with § 1441 – Removal of Civil Actions, Defendant Sandra Romo Orosco, hereby files this Notice of Removal from the California Superior Court, San Bernardino County, Barstow District Courthouse to the United States District Court For the Central District of California and removes to this Court the State Court action described herein.

    On November 2, 2017, an action was commenced in the San Bernardino County Superior Court, Barstow District Courthouse, as case number UDBS1702711. Defendant, Sandra Romo Orosco, is a party who has filed her Removal to Federal Court pursuant to her Constitutional

1
NOTICE OF REMOVAL

1    Right to Due Process, to protect her home, and principal dwelling place and claims to ownership

2    of, in, and relating to real property commonly described as 15567 3rd St., Victorville, CA 92395

3    against the wrongful claims made by Plaintiff in California Superior Court proceedings entitled

4    JOSEFA E DE LA MORA GARCIA v. SANDRA ROMO OROSCO; EILEEN OROZCO. In

5    California Superior Court Unlawful Detainer Case No.: UDBS1702711, Defendant is materially

6    affected by and interested in the subject matter of these proceedings, and accordingly entitled to

7    remove to this U.S. District Court, within the meaning of 28 U.S.C. §1334(b) and hereby

8    removes to this Court the State Court unlawful detainer proceeding herein identified.

9    ### AUTHORITY

10        Where claims arise under both federal and state law, defendants may remove all claims.

11   The Supreme Court stated that "the presence of even one claim arising under federal law is

12   sufficient to satisfy the requirement that the case be within the original jurisdiction of the district

13   court for removal." This newly drafted provision eliminates the constitutional and interpretive

14   claim language. 28 U.S.C. §1441(c). The presence of related state claims does not alter the fact

15   that pleaded federal actions constitute civil actions within the original jurisdiction of the federal

16   courts for purposes of removal.

17        28 U.S.C. §1334 confers original jurisdiction on all matters relating to any United States

18   District case or proceeding.

19        This Notice of Removal is timely being triggered by the Sandra Romo Orosco

20   discrimination in jurisdiction requirement for federal issues are precedent to any determination

21   in the limited court jurisdiction. Defendant seeks a safe harbor of her constitutional rights for a

22   home in the face of housing discrimination from Plaintiff and retaliatory eviction in violation of

23   federal housing laws. Defendant is one class protected by Obama Homeowner Protection laws,

24   California Homeowners/Tenant Bill of Rights, Department of Fair Housing and Urban

25   Development and consumer protections.

26        Though the matter was filed as state unlawful detainer, the district court has original and

27   exclusive jurisdiction of all cases where an Act of Congress has conferred exclusive jurisdiction.

28   Though the case was commenced in State Court, it cannot be adjudicated in the limited court

jurisdiction of the state unlawful detainer action. The district court has exclusive jurisdiction over the claims presented by the plaintiff as evolved from the real parties in interest.

This case requires review of discrimination and violations of Fair Housing Act, and pending request for review conducted by the Department of Housing and Urban Development and City of Costa Mesa Building and Planning. These activities are under the exclusive jurisdiction of the district court as it regards the clear and consistent restructuring guidelines for the entire housing industry for protection of homes, and federal laws against Ethnic, Racial, or other discrimination.

The Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)). In or about August 2017, Sandra Romo Orosco learned that discriminatory and retaliatory actions taken by plaintiff were made concerning Defendant's eviction from the subject property that resulted in an unfair unlawful detainer matter and civil rights violation. The continuation of Plaintiff's tactics to continue in the same process to wrongfully take possession of the subject property and fail to correct property notice defects, was obvious retaliatory discrimination as the owner/landlord refused to make the necessary repairs to the property including: faulty plumbing; unsanitary conditions; unsecure door locks and window locks; and inoperable heating. Defendant, with no other choice than a determination of the underlying federal issues and violations as well as violations of federal mandate for a moratorium on illegal retaliatory evictions, and issues of discrimination against him as protected class. Now, her rights to possession are ignored while Plaintiff conceals its wrongful federal housing violations with a phantom appearance of a simple state case in a court that lacks any jurisdiction. Further, that matter is not on the proper venue for the deplorable and egregious treatment of Defendant.

At the federal level, the US Department of Housing and Urban Development ("HUD") re-forces and administers the US Fair Housing Act to stop illegal racial, gender, nationality, religious, political, disability, age and familial status discrimination in the housing and real estate matters. Other federal housing laws also affect rights and responsibilities in real estate matters including the 5th and 14th amendments to the US Constitution, the Americans with Disabilities

Act, the Civil Rights Act, the Age Discrimination Act, and various Presidential "Executive Orders" pertaining to environmental justice, Equal Opportunity and Discrimination in housing. This removal is timely and properly brought as the federal questions have just been discovered and preempt the jurisdiction of the limited state court action.

Defendant has filed a Motion for Removal to Federal Court pursuant to her constitutional rights to due process. The Fifth Amendment of the United States Constitution states, "No individual shall be deprived of life, liberty, or property, without due process of law... "According to the Fourteenth Amendment of the United States Constitution, Due Process Clause and Equal Protection clause (Section 1), expressly declares no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law..."

Defendant Sandra Romo Orosco believes alleges and maintains that the State Court Eviction under an Unlawful Detainer Action deprives him of her Constitutional rights to due process, and that he was therein treated as if he had no interest in her own home and dwelling place, and therefore removal to Federal Court was the only adequate means for Defendant to protect her home interests in her home. Further, Plaintiff ignores the evaluation of the violations of the federal issues, violation of her due process rights to review under, as well as her rights to take action against illegal discrimination and retaliatory eviction.

Further inquiry is needed to determine all the violations and halt the improper retaliation and discrimination attempt to evict Sandra Romo Orosco from her home. Plaintiff treats tenants as a squatter with no rights in violation of her home interests. State Court law assumes the unlawful detainer complaint to be valid, in spite of its provable fraudulent nature.

Pursuant to 28 U.S.C. §1441, Defendant further states as follows: The action was commenced by Plaintiff when Plaintiff filed a Summons and Complaint in the Superior Court, Central of the State of California, County of San Bernardino, bearing case no. UDBS1702711. Plaintiff erroneously claimed under penalty of perjury false claims into the unlawful detainer trial court. The real subject matter is not within the state court venue and lies in the federal court

NOTICE OF REMOVAL

for the reasons stated herein as defendant has been illegally discriminated against as a Ethnic minority. Further the State action is essentially a one-party court for plaintiff issues.

## BASIS FOR REMOVAL

Defendant Sandra Romo Orosco was forced to file this Federal Removal to stay an unlawful detainer filed against her home. When Defendant makes an appearance in the state court the state court ignores him, refuses to accept her requests for equitable relief, and he cannot be heard as a minority. Plaintiff committed fraud by bringing federal issues of fair housing and urban development issues to the San Bernardino Superior Court under the scheme of an unlawful detainer, hiding in sheep clothing the true federal fair housing and retaliatory discrimination issues, and civil rights discrimination.

Federal public fiduciaries acting as successor on behalf of the state and federal agencies have failed to implement policies and procedures necessary to protect her procedural due process rights and property interests. Enforcement agencies are investigating plaintiffs breach of fiduciary duties and tracking the real losses to defendant.

The unlawful detainer trial courts rubber-stamp all non-judicial foreclosures and summary evictions are executed under alleged "duly perfected title" without a review of the true issues to identify the real parties in interest and protect the rights of unknown investors and property interests. The right to an impartial and disinterested tribunal is compromised "in the absence of a [state] proceeding in which [a person] may present her case with assurance that the arbiter is not predisposed to find against him." Marshall, 446 U.S. at 242 (quoting Joint Anti Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 172 (1951))

Therefore, if the procedure supplied by the state to adjudicate the constitutional claim violates the requirements of due process, then the federal court may not grant the state judgment preclusive effect. See e.g., Kremer v. Chemical Const. Corp., 102 S.Ct. at 1898 ("[a] State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such judgment."); Guarino v. Larsen, 11 F.3d at 1159 n. 4

It is undisputedly in the public interest that this Court act to restrain the acts as alleged. This matter is receiving current national attention and has implications of epidemic proportions across a broad array of public policy goals, and, in fact, the expert who has put a public face to the issues raised by Plaintiff over six years has opined that this matter presents a fraud of the precise nature that has captured the public's attention. The fact is that the courts are the last protection that Plaintiff and millions of others have against the arrogant and abusive practices of the mortgage lenders and servicers, and the basis for this Court's action could not be more compelling. The federal court is the last safe harbor for defendants whose homes are taken by strangers who discriminate and force substandard housing on tenants.

Sandra Romo Orosco is entitled to remove the above-entitled and numbered cause to the United States District Court, under 28 U.S.C. §1443(l) because under California Civil Code she is denied or cannot enforce her equal rights to contract for and secure her property rights in the Superior Courts of the State of California on account of plaintiffs discriminatory and retaliatory acts in violation of fair housing and that specifically violate the equal protection of the laws and equal access to the courts and to due process of law granted and secured by 42 U.S.C. §§1981 & 1982. The instant case for possession of the subject property was brought in a forum that is blind to issues by a plaintiff who has no interest other than to harm the defendant.

The unlawful detainer trial courts rubber-stamp all plaintiff actions for evictions and do not protect defendant property interests. Here the trial court refused to require the proper notice to the defendant and triggered the removal for court discriminatory practices.

Defendant further alleges that the California Civil Code procedures authorizing evictions violate 42 U.S.C. §§1981-1982, so that Defendant has a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans (all of whom are presumed to be unfamiliar with legal proceedings and/or illiterate in the English language and therefore ignorant of their rights) and in so doing directly violates Federal U.S. laws guaranteeing

1    equality of access to the courts, ability to present evidence, and to make and enforce contracts

2    for the purpose of acquiring and maintaining ownership of property in particular.

3    Defendant states that he should be given at least one full and fair opportunity to be

4    heard on the evidentiary merits of her claims, as the Federal question issues of fair housing go

5    to the heart of racial discrimination in this matter of the plaintiff retaliating against a whistle

6    blower who requested that her housing be habitable and conform with code enforcement

7    requirements. Sandra Romo Orosco is entitled to remove the above-entitled and numbered

8    cause to the United States District Court, under 28 U.S.C. §1443(1) because under California

9    Civil Code §2924 he is denied or cannot enforce her equal rights to contract for and secure real

10    property rights in the Superior Courts of the State of California on account of that

11    unconstitutional California statute §2924, which specifically violates the equal protection of

12    the laws and equal access to the courts and to due process of law granted and secured by 42

13    U.S.C. §§1981 & 1982.

## JURISDICTION

15    Venue is proper under Title 28, Part IV, Chapter 89, commencing with §1441 (a) as

16    San Bernardino County Superior Court, Barstow is in the Central District of California,

17    Riverside.

## GROUNDS FOR REMOVAL - FEDERAL QUESTION

19    Defendant, also alleges that he is being denied and discriminated for whistleblowing regarding

20    unsafe housing and cannot enforce her rights to equal protection of the discriminatory laws of

21    the State of California, which facially and as applied by the California Superior Courts of

22    Limited Jurisdiction has now file this notice of removal pursuant to 28 U.S.C. §§1332, 1441,

23    1443 and 1446, alleging as follows:

24    The state court interfered with Defendant's rights to a fair and impartial jury trial. It was

25    at this point the Defendant began to look into the retaliation and discrimination that invaded

26    this matter and discovered that the Superior Court was an improper forum to hear that matter.

27    Defendant discovered that it was a racial discrimination issue and not an Unlawful Detainer

28

7

1    issue before the court, whereby the state court lacked jurisdiction, in personam jurisdiction,

2    subject matter jurisdiction and in rem jurisdiction over the retaliatory discrimination herein.

3        This notice of removal is being timely triggered by Sandra Romo Orosco in jurisdiction

4    for civil rights and constitutional rights and the requirement for federal issues to be determined

5    within the original jurisdiction of the federal court. Such constitutional discriminatory issues

6    cannot be determined in the limited Court jurisdiction causing waste of judicial resources.

7    Plaintiff erroneously claims under penalty of perjury and filed false claims for possession in a

8    state unlawful detainer limited action following discriminatory practices against Sandra Romo

9    Orosco.

10        1.    The requirements of 28 U.S.C. §1332, 1441, and 1446 for removal have all been

11    met under the federal question of violations of federal laws re fair housing, retaliatory

12    evictions, and related racial discrimination violation of Federal laws. THIS IS NOT BASED on

13    grounds of diversity of citizenship. Also based on federal question jurisdiction, the amount in

14    controversy in excess of $75,000 does not apply. The federal question law is the Federal

15    protection of racial and minority discrimination.

16        2.    28 U.S.C. §1443(l) is designed to permit removal by disadvantaged defendants

17    from those in power who would oppress them for membership in or adherence to beliefs

18    making them part of a "discrete insular, politically powerless minority". Defendant perspective

19    of the state judicial and general legal environment created by a state legislatures is, uniquely

20    empowered and by this statute protected as an avenue by which to assert and actually "defend"

21    Constitutional rights which are systematically trampled in state courts, such as but not limited

22    to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases

23    following an alleged non-judicial foreclosures.

24        3.    CIVIL RIGHTS REMOVAL IS AN **EXCEPTION** TO THE WELL

25    PLEADED COMPLAINT RULE. Accordingly, 28 U.S.C. § 1443 constitutes an expressly

26    authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and

27    U.S. District Judges making such analyses and comparisons have plainly erred in confusing the

28    two forms of removal in their prior opinions, even in relationship to the present Defendants'

removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, McCullough v. Ligon, 430 F. Supp. 2d 846, 850 (E.D',Ark. 2006); Neal v. Wilson, 112 F.3d 351,355 (8th Cir. 1997).

4.    Unlike the Defendant in Neal v. Wilson, Defendant can and will at trial "show[] that Plaintiff used the Non Judicial state law preventing him from raising her federal claims in state court, [and] further [he] has [] shown the basis for an "equally firm prediction" that [h]e will be unable to protect h[is] federal rights in state court." 112 F.3d at 855.

5.    WHEREFORE AND ACCORDINGLY, Defendant hereby files this Notice of Removal pursuant to 28 U.S.C. §§1443(1) and 1447(b). Congress in the Civil Rights Act of 1964 expressly authorized such renewed notices of removal authorized by Congress under 28 U.S.C.§1447(d) which states that:

"(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

6.    This Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)).

7.    The California Superior Courts of Limited Jurisdiction, especially those in San Bernardino County, operate based on an institutionalized predetermination of the outcome reflect a pervasive state statutory program expressly designed to deny Defendants their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property, which rights are guaranteed by the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution, as well as by the Article I guarantee against state "impairment of the obligations of contract."

The eviction is summary proceeding (but essentially administrative, automatic, ministerial applied) Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory.

Defendant has a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining interests in property in particular.

The California Superior Courts completely ignore the California Civil rules of Procedure, Civil rules of Evidence and the retaliation against the defendant's Interest. Plaintiff's complaint to enforce a possession claim relies on a thinly disguised rental for the subject property since September 2009. Plaintiff is unabashedly retaliated against Defendant in discrimination against him. Accordingly, the state unlawful detainer limited jurisdiction court action may be removed to this court as an action within the jurisdiction of the federal district court where basic constitutional rights are ignored.

In addition, Defendant is materially affected by and interested in the subject matter of these proceedings, and entitled to remove to this U.S. District Court, within the meaning of 28 U.S.C. §1334(b) and hereby removes to this Court the State Court unlawful detainer proceeding herein identified. Defendants Civil Rights, Due Process and Equal Protection under the Law were violated. Defendant Sandra Romo Orosco has provided as exhibits relevant documents attached hereto and incorporated herein by reference documents including, but not limited to:

Exhibit 1 - Summons and Complaint dated for Unlawful Detainer – Eviction;

Exhibit 2 – Answer – Unlawful Detainer.

This is a civil action over which this court has original jurisdiction and the action is removable to this court pursuant to 28 U.S.C. § 1441(a) and §1446. Defendant is deprived of her constitutional rights "under color of law."

The summary proceedings of the unlawful detainer do not allow determinations of any issues other than the alleged complaint for rents and have no jurisdiction over federal question matters and racial or ethnic violations.

10

NOTICE OF REMOVAL

This Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)). The continuation of plaintiff tactics to continue in the same process leaves defendant with no other choice.

The California Superior Courts of Limited Jurisdiction, especially those in San Bernardino County, operate based on an institutionalized predetermination of the outcome reflect a pervasive state statutory program expressly designed to deny Defendants their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property, which rights are guaranteed by the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution, as well as by the Article I guarantee against state "impairment of the obligations of contract." The Court seems obvious to the discrimination and retaliation of plaintiff.

Defendant has a right to remove on the basis that there is n pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining home at subject property in particular.

The California Superior Courts completely ignore the California Civil rules of Procedure and Civil Rules of Evidence.

Expressly stated California statutory law and the customs, practices, and policies having the force of law interpreting and construing the same, never asked or required original Plaintiff to produce evidence or prove the true and actual dispute with Sandra Romo Orosco. Instead the slum lord seeks to evict the tenant for complaints regarding the substandard living conditions and fails to correct the code violations.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

1    Defendant Sandra Romo Orosco particularly urges this Court to consider a

2    comprehensive re-evaluation of the Civil Rights Injunction doctrine in Dombrowski v. Pfister,

3    Younger v. Harris, and Mitchum v. Foster, alongside the Civil Rights Removal doctrine

4    articulated in Greenwood v. Peacock and Rachel v. Georgia, because, in essence, statutory

5    removals are treated as stays (injunctions) of state court proceedings under the anti-injunction

6    act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights

7    jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly

8    necessary in light of the recent history of the United States.

9    The state court acts to quash her defense as a minority not given right to speak in the

10   state court. The completely farcical nature of the non-judicial foreclosure proceedings take

11   place in California routinely as a matter of state and local custom, practice, and policy having

12   the force of law. Notably is the fact that the Judges do not uphold the California Rules of Civil

13   Procedure section 367 (Real Party In Interest). Every action must be prosecuted in the name of

14   the real party in interest, except as otherwise provided by statute.

15   While Defendant Sandra Romo Orosco generally subscribes to the proposition that the

16   civil rights laws should be Ethnic-blind, color-blind and race-neutral, he alleges and will prove

17   by a preponderance of the evidence that there is an official program and pattern of linguistic

18   and therefore discrimination in the California Superior Courts in San Bernardino County and

19   elsewhere against speakers of every origin, including natural, native born citizens of the United

20   States, that the discrimination in California violates the guarantees to due process found in the

21   Fifth and Fourteenth Amendments.

22   **RELIEF REQUESTED: MAKE CIVIL RIGHTS REMOVAL STATUS NEUTRAL**

23   **RACIALLY NEUTRAL AND COMPLETELY COLORBLIND**

24   Sandra Romo Orosco asks this court to find, hold, and unequivocally rule and issue its

25   mandate that: the racially unequal application of 28 U.S.C. §1443(1) is an affront to all recent

26   U.S. Supreme Court Jurisprudence since Regents of the UC v. Bakke, 438 U.S. 265 (1978),

27   City of Richmond v. Croson, 488 U.S. 469 (1989), and Adarand v. Pena, 515 U.S. 520, 527-8

28   (1995).

Although it happens that Defendant in this case may be the victims of "defendant" status or of official language-based ethnic bias, which is racial discrimination within the meaning of the civil rights laws of the United States, even the absolute elimination of such discrimination will not solve all of Defendant's problems: he will still be (most likely) evicted from her home by unlawful procedures even if he were provided with meaningful notice and opportunity to be heard. The state court judge has a conflict of interest with the funding of his/her retirement and ignores the blight of the home that defendant is protecting. In particular the state court judge refuses to permit the minority homeowner from speaking in her defense.

States District courts should be permitted to allow civil rights removal so that all Defendants, Sandra Romo Orosco, and all similarly situated defendants in California Unlawful Detainer cases (or any other state statutory scheme in which fundamental constitutional rights are routinely and systematically trampled or even obliterated, such as eviction proceedings) will be able to put on evidence that is heard.

Due process under the Fifth and Fourteenth Amendment to the Constitution will not tolerate the construction of paths through the maze of law with dead ends from which there is no exit in the California limited court jurisdiction, or only one possible exit... regardless which is judgment for plaintiff disregarding the evidence of Federal law violations.

Defendant will promptly file a copy of this notice of removal as a "Notice of Notice of Removal" with the clerk of the state court in the San Bernardino County Superior Court for the State of California where the action was originally filed and has been pending filed as required by 28 U.S.C. §1446.

1. THIS REMOVAL IS NOT BASED on grounds of diversity of citizenship, amount in controversy in excess of $75,000 does not apply. The federal question law is the violation of civil rights that has associated Federal Claims of the association of discrimination and housing violations of ethnic origins in alleged property housing issues.

2. 28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to

beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislature is, uniquely empowered and by this statute protected as an avenue by which to assert and actually "defend" Constitutional rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following an alleged non-judicial foreclosure.

3. CIVIL RIGHTS REMOVAL IS AN EXCEPTION TO THE WELL PLEADED COMPLAINT RULE. Accordingly, 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, McCullough v. Ligon, 430F. Supp. 2d 846, 850 (E.D. Ark. 2006); Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997).

4. Unlike the Defendant in Neal v. Wilson, Defendant can and will at trial "show[] that Plaintiff used the Non Judicial state law preventing him from raising her federal claims in state court, [and] further [he] has [ ] shown the basis for an "equally firm prediction" that [h]e will be unable to protect h[is] federal rights in state court." 112 F.3d at 855.

//
//
//
//
//
//

1    //

2    //

3    **RELIEF REQUESTED**

4        WHEREFORE, Defendant Sandra Romo Orosco in that the above action now pending

5    in the San Bernardino County Superior Court of the State of California, bearing case no.

6    UDBS1702711 hereby removes the action to this court and requests that further proceedings be

7    adjudicated in this court. For all the foregoing reasons, removal of this action is proper

8    pursuant to all relevant statutes and law.

9    Respectfully submitted,

10

11   DATED: January 2, 2018

12   Sandra Romo Orosco
     In propia persona

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**EXHIBIT 1**

SUMMONS AND COMPLAINT

**SUM-130**

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

NOTICE TO DEFENDANT: Sandra Ramos Orozco &
(AVISO AL DEMANDADO): Eileen Orozco and does 1 to 15

YOU ARE BEING SUED BY PLAINTIFF: Josefa G. Dela Mora
(LO ESTÁ DEMANDANDO EL DEMANDANTE): Garcia

<div style="border:1px solid">

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED - BARSTOW
SAN BERNARDINO COUNTY
SUPERIOR COURT

NOV 02 2017

BY Yolanda Minor
YOLANDA MINOR, DEPUTY

</div>

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
   (El nombre y dirección de la corte es): SAN BERNARDINO COUNTY
   BARSTOW DISTRICT
   235 E. MT. VIEW, BARSTOW CA 92311

   CASE NUMBER:
   (Número del caso): UDBS 17 02 711

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: — In Pro Per
   (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
   Josefa G. Dela Mora Garcia
   13163 Sleepy Ridge   (760) 867-6549
   Victorville CA 92395

3. (Must be answered in all cases.) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [✓] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: NOV 02 2017            Clerk, by    YOLANDA MINOR    , Deputy
(Fecha)                      (Secretario)                   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [✓] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)             [ ] other (specify):
5. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Page 1 of 2

Code of Civil Procedure, §§ 412.20, 415.456. 1167
www.courtinfo.ca.gov

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Josefa E De La Mora Garcia 13163 Sleepy Ridge ln victorville Ca 92395 TELEPHONE NO.: (760) 867-6541 FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* In Pro-Per | FILED - BARSTOW SAN BERNARDINO COUNTY SUPERIOR COURT NOV 02 2017 BY _Yolanda Minor_ /YOLANDA MINOR, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ~~SUPERIOR COURT OF CALIFORNIA~~
STREET ADDRESS: 235 E Mountain View ~~SAN BERNARDINO COUNTY~~
MAILING ADDRESS: ~~BARSTOW DISTRICT~~
CITY AND ZIP CODE: Barstow CA 92311 ~~235 E. MT. VIEW, BARSTOW CA 92311~~
BRANCH NAME:

PLAINTIFF: Josefa E De La Mora Garcia

DEFENDANT: Sandra Romo orosco
Eileen orosco

☑ DOES 1 TO 15

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| ☑ COMPLAINT ☐ AMENDED COMPLAINT *(Amendment Number):* _____ | UDBS 17 02 71 1 |

**Jurisdiction** *(check all that apply):*

☑ ACTION IS A LIMITED CIVIL CASE
  Amount demanded ☑ does not exceed $10,000
  ☐ exceeds $10,000 but does not exceed $25,000

☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
  ☐ from unlawful detainer to general unlimited civil (possession not in issue)   ☐ from limited to unlimited
  ☐ from unlawful detainer to general limited civil (possession not in issue)   ☐ from unlimited to limited

1. PLAINTIFF *(name each):* Josefa E De La Mora Garcia

   alleges causes of action against DEFENDANT *(name each):* Sandra Romo Orosco
   Eileen orosco

2. a. Plaintiff is (1) ☑ an individual over the age of 18 years.   (4) ☐ a partnership.
   (2) ☐ a public agency.   (5) ☐ a corporation.
   (3) ☐ other *(specify):*

   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   15567 3rd St Victorville Ca 92395, San Bernardino

4. Plaintiff's interest in the premises is ☑ as owner   ☐ other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):* 9-1-2016   defendant *(name each):* Sandra Orosco &
   Eileen Orosco

   (1) agreed to rent the premises as a ☑ month-to-month tenancy ☐ other tenancy *(specify):*
   (2) agreed to pay rent of $ 800.00 payable ☑ monthly ☐ other *(specify frequency):*
   (3) agreed to pay rent on the ☑ first of the month ☐ other day *(specify):*

   b. This ☑ written ☐ oral agreement was made with
   (1) ☑ plaintiff.   (3) ☐ plaintiff's predecessor in interest.
   (2) ☐ plaintiff's agent.   (4) ☐ other *(specify):*

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER
Page 18

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

PLAINTIFF (Name): Josefa E De La Mora Garcia.

DEFENDANT (Name): Sandra Romo orosco & Eileen orosco

CASE NUMBER: UDBS 17 02 7 11

6. c. [✓] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [✓] other (specify):  Unauthorized Occupants

   d. [ ] The agreement was later changed as follows (specify):

   e. [✓] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
      and labeled Exhibit 1.  (Required for residential property, unless item 6f is checked.  See Code Civ. Proc., § 1166.)

   f. [ ] (For residential property)   A copy of the written agreement is not attached because (specify reason):
      (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. a. [✓] Defendant (name each):
      Sandra Romo Orosco
      Eileen Orosco
   was served the following notice on the same date and in the same manner:
      (1) [✓] 3-day notice to pay rent or quit    (4) [ ] 3-day notice to perform covenants or quit
      (2) [ ] 30-day notice to quit               (5) [ ] 3-day notice to quit
      (3) [ ] 60-day notice to quit               (6) [ ] Other (specify):

   b. (1) On (date): 10-30-17    the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.

   c. [ ] All facts stated in the notice are true.

   d. [✓] The notice included an election of forfeiture.

   e. [✓] A copy of the notice is attached and labeled Exhibit 2.  (Required for residential property.  See Code Civ. Proc.,
      § 1166.)

   f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different
      manner, as stated in Attachment 8c.  (Check item 8c and attach a statement providing the information required
      by items 7a–e and 8 for each defendant.)

8. a. [✓] The notice in item 7a was served on the defendant named in item 7a as follows:
      (1) [ ] by personally handing a copy to defendant on (date):
      (2) [✓] by leaving a copy with (name or description): Front Door of 15607 3rd St Victorville CA 92395    J.G. We also mailed a Original outter to Defend
         a person of suitable age and discretion, on (date): 10/27/17  at defendant's
         J.G. [✓] residence [ ] business   AND mailing a copy to defendant at defendant's place of residence on
         (date):    because defendant cannot be found at defendant's residence or usual
         place of business.
      (3) [✓] by posting a copy on the premises on (date): 10/27/17    27 J.G.  [✓] AND giving a copy to a
         person found residing at the premises AND mailing a copy to defendant at the premises on
         (date): 10/30/17  10/27/17    J.G.
         (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
         (b) [ ] because no person of suitable age or discretion can be found there.
      (4) [ ] (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered
         mail addressed to defendant on (date):
      (5) [ ] (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written
         commercial lease between the parties.

   b. [ ] (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.

   c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

   d. [✓] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

PLAINTIFF *(Name):* Josefa E DeLaMora Garcia

DEFENDANT*(Name):* Sandra Romo & Eileen Orosco

CASE NUMBER:

UDBS 17 02 711

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☑ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 800.00
11. ☑ The fair rental value of the premises is $ 2600 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding.
   c. ☑ past-due rent of $1,600
   d. ☐ reasonable attorney fees.
   e. ☑ forfeiture of the agreement.
   f. ☑ damages at the rate stated in item 11 from *(date):* 11-01-2017 for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☑ other *(specify):* France damage Sold my Party supply Jumpers Broken Doors excussive trash

18. ☑ Number of pages attached *(specify):* 06

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☑ did not ☑ JG. did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on *(date):*

JG.

Date: 10/04/17 • 11/2/17

Josefa E DeLa Mora Garcia
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10-31-17 11/2/17 JG.

Josefa E DeLa Mora
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF )

UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Page 3 of 3

UDBS 17 02 711

## THREE-DAY NOTICE TO PAY RENT OR QUIT

To: _Sandra Romos Orosco Eileen Orosco_ all tenants, subtenants, adult occupants, and others in possession of the premises at _13567 3 Street_ _____, City of _Vietorville_ Zip Code _92395_, County of _San Berdardino_, California.

**PLEASE TAKE NOTICE** that you owe rent on these premises occupied by you as follows:

From _9/1_ To _9/30_ Year _2017_ amount owed: $ _800_

From _10/1_ To _10 31_ Year _2017_, amount owed: $ _800_

From _____ To _____ Year _____, amount owed: $ _____

Total amount $ _1600_ is now due and payable.

**YOU ARE HEREBY REQUIRED** to pay this amount within THREE (3) days from the date of service on you of this notice or to vacate and surrender possession of the premises. In the event you fail to do so, legal proceedings will be instituted against you to recover possession of the premises, declare the forfeiture of the rental agreement or lease under which you occupy the premises, and recover rents, damages, and costs of suit.

**RENT IS TO BE PAID TO:**

[] the undersigned, or [] the following person: _Josefa E. De La Mora Garcia_

**AT THE FOLLOWING ADDRESS:** _13163 Sleepy Radge Victorville_, California, phone: _760 867-6541_

**IN THE FOLLOWING MANNER:**

[✓] in person. Usual days and hours for rent collection are: _Monday — Sunday 9-8p_

[] by mail to the person and address indicated above

[] by deposit to account _____ at _____, a financial institution located within 5 miles of your rental at _____, California

[] by electronic funds transfer procedure previously established.

Date: _10/27/17_    _____
Signature of Owner/Manager

......................................................................................

### PROOF OF SERVICE

I, the undersigned, being at least 18 years of age, served this notice, of which this is a true copy, on _Sandra Romo Oros_ one of the occupants listed above as follows: _e leelin Orosco_

[] On _____, ____ I delivered the notice to the occupant personally.

OR

[] On _____, ____ I delivered the notice to a person of suitable age and discretion at the occupant's residence/business after having attempted personal service at the occupant's residence, and business, if known. On _____ I mailed a second copy to the occupant at his or her residence.

OR

[✓] On _10/27/17_ I posted the notice in a conspicuous place on the property, after having attempted personal service at the occupant's residence, and business, if known, and after having been unable to find there a person of suitable age and discretion. On _10/27/17_ I mailed a second copy to the occupant at the property. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____ Date: _1/2/17_
Signature

**Page 21**

Exhibit 2 of 3

**EXHIBIT 2**

ANSWER

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sandra Romo Orosco; Eileen Orosco<br>15567 3rd St.<br>Victorville, CA 92395<br>TELEPHONE NO.: 760-261-3495          FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 235 East Mountain View Street
MAILING ADDRESS: 235 East Mountain View Street
CITY AND ZIP CODE: Barstow, CA 92311
BRANCH NAME: Barstow District

Plaintiff: JOSEFA E DE LA MORA GARCIA

Defendant: SANDRA ROMO OROSCO; EILEEN OROSCO

| ANSWER - UNLAWFUL DETAINER | CASE NUMBER:<br>UDBS1702711 |
|---|---|

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):* SANDRA ROMO OROSCO; EILEEN OROSCO

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. ☒ Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025):*  ☐ Explanation is on MC-025, titled as Attachment 2b(1).
         Paragraphs: 7, 8, 10.

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
         ☐ Explanation is on MC-025, titled as Attachment 2b(2).
         Paragraphs: 4, 6, 11.

3. AFFIRMATIVE DEFENSES (**NOTE:** For each box checked, you must state brief facts to support it in item 3k (top of page 2).)
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ *(nonpayment of rent only)* On *(date):*                          before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. ☒ Other affirmative defenses are stated in item 3k.

Page 1 of 2

ANSWER - UNLAWFUL DETAINER
Romo, Sandra

**UD-105**

CASE NUMBER:
UDBS1702711

3. AFFIRMATIVE DEFENSES (cont'd)

k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:

☒ Description of facts is on MC-025, titled as Attachment 3k.

4. OTHER STATEMENTS

a. ☐ Defendant vacated the premises on *(date)*:

b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:

☐ Explanation is on MC-025, titled as Attachment 4b.

c. ☐ Other *(specify below or on form MC-025 in attachment)*:

☐ Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS

a. that plaintiff take nothing requested in the complaint.

b. costs incurred in this proceeding.

c. ☒ reasonable attorney fees.

d. ☒ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

e. ☒ Other *(specify below or on form MC-025)*:

☐ All other requests are stated on MC-025, titled as Attachment 5e.

(1) Reinstatement of the tenancy, or in the alternative, relief from forfeiture per C.C.P. §1179.

(2) An order keeping record of action sealed before and after dismissal/judgment.

(3) For the court to retain jurisdiction over this matter until all repairs and corrections are made.

6. ☒ Number of pages attached:  three (3)

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400-6415)**

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** ☐ did not  ☒ did  for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state)*:

a. Assistant's name: Michael Balian            b. Telephone No.:    909-536-2525

c. Street address, city, and zip code: 3281 E. Guasti Rd., Ste. 700
Ontario, CA 91761

d. County of registration:  San Bernardino        e. Registration No.: 00059        f. Expires on *(date)*: 11/15/2018

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

Sandra Romo Orosco                                      ▶
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF DEFENDANT OR ATTORNEY)

Eileen Orosco                                          ▶
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:   12/12/2017

Sandra Romo Orosco                                     ▶
_____

Eileen Orosco                                          ▶
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 2, 2014]        **ANSWER - UNLAWFUL DETAINER**        Page 2 of 2
Martin Dean's ESSENTIAL FORMS™        **Page 24**

Romo, Sandra

MC-025

| SHORT TITLE:<br>Garcia v Romo; Orosco | CASE NUMBER:<br>UDBS170271 1 |
|---|---|

**ATTACHMENT** *(Number)* : 3k

*(This Attachment may be used with any Judicial Council form.)*

SEPARATE AFFIRMATIVE DEFENSES

### BREACH OF THE IMPLIED OR EXPRESSED WARRANTY OF HABITABILITY

1.The amount of rent demanded in the notice, and/or the daily rental value demanded in the complaint, is excessive or not in fact due because the Plaintiff breached the implied warranty of habitability. The dwelling at issue and/or common areas of the building where defendant(s) resides suffers from defects that render it untenantable, of which landlord had actual and/or constructive notice, and those defects include, but are not limited to, the following (Green v. Superior Court (1974) 10 Cal.3d 616):

A.Ineffective waterproofing and weather protection of roof, exterior walls, unbroken windows, or doors (i.e., leaks, broken windows, etc.).

B.Plumbing is not in good working order, including a water supply that produces hot and cold running water.

C.Plaintiff s failure to repair the plumbing has resulted in very high water bills which Defendant has incurred and paid.

D.Notice is overstated because Defendant has been paying excessive water bills and payment was never credited to the rent.

E.Lack of properly functioning heating unit.

F.Defective electrical/wiring or exposed wiring.

G.Rodents and/or other vermin (such as termites, bedbugs, bees or roaches).

H.Floors, stairways, or railings are in disrepair. Because of flooding

I.Hole(s) on floor/carpet.

J.Missing/torn window screens.

K.Falling plaster/peeling paint.

L.An entry door does not have a functioning lock.

M.Smoke detectors are faulty. They have never worked

N.Holes in the walls or ceilings.

O.Damp/leaking ceiling/wall s.

P.Missing/broken windows.

Q.A window accessible from the street level (approx. 10 feet from the ground) does not have a functioning lock.

R.The building and/or grounds under the control of the landlord are not kept in every part clean, sanitary, and free from all accumulations of debris, filth, rubbish, and garbage.

S.There is not an adequate number of receptacles for garbage and/or the garbage is not kept in a clean and sanitary order.

T.A Substandard Order, Notice and Order to Comply, or Housing Inspection violation was issued by a governmental agency demonstrating additional defects or confirming the defects identified in this answer.

U.The property is substandard as defined by Section 17920.3 of the Health and Safety Code.

V.None or nonfunctioning Carbon Monoxide detectors on the property.

W.Inoperable/missing dead-bolt locks on doors and/or inoperable/missing locking mechanism(s) on windows, and/or locking mechanism(s)/dead-bolt locks that do not comply with fire and safety codes. Civil Code §1941.3.

X.Other: Mold

2.Defective conditions listed above have existed and have not been repaired for 60 days after notice as set forth in Civil Code § 1942.3; creating a rebuttable presumption that landlord breached warranty of habitability.

//
//

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 3
*(Add pages as required)*

MC-025

| SHORT TITLE: — Garcia v Romo; Orosco | CASE NUMBER: UDBS170271l |
|---|---|

**ATTACHMENT** *(Number)*:  3k
*(This Attachment may be used with any Judicial Council form.)*

3.Defendant/tenant withheld rent because conditions rendering the unit untenantable and/or limiting its full use have existed beyond a reasonable period after landlord was notified of the defeciency/ies).  (Green v. Superior Court, 10 Cal.3d. 616 (1974).

4.A government agency has cited the property finding that the Landlord has breached the warranty of habitability, more than 35 days have passed since the citation was issued, the government agency has not cleared the citation and the landlord has served a notice to collect rent. Civil Code §1942.4

5.By serving a 3 Day Notice to Pay Rent or Quit, landlord has violated Civil Code §1942.4, as conditions rendering the unit untenantable per Civil Code §1941.1 continue to exist.

6.The unit is untenantable. Civil Code §1941.1.

7.Tenant does not owe rent demanded because repairs were paid for and deducted from the rent for the cost of repairs which landlord knew were needed and failed to provide within a reasonable time. CC §1941.1: CCP §1174.2

8.A substandard order was issued by a governmental agency with respect to the subject property and the landlord has failed to register with the County Board of Supervisors. Health and Safety Code §17997.

### ESTOPPEL, WAIVER, OR BAD FAITH
The plaintiff is estopped from pursuing this eviction or has waived the right to prosecute an unlawful detainer because:

A.Rent was accepted by the landlord from tenant for a period of time after the notice expired; lessor has accordingly waived the breach and the notice, and created a new tenancy. EDC Associates v Gutierrez (1984) 153 Cal.App.3d 167.
B.Plaintiff refused to accept the tender of rent payment - either prior to service of the notice to quit or during the notice period.
C.Within the rental period, tenant tendered the full amount of rent demanded to landlord, but said tender was refused. Said tender extinguished tenant's obligation. pursuant to CC §1485. In addition, said refusal of rent is a violation of the covenant of good faith and fair dealing.
D.Tenant was unable to contact landlord within the notice period due to landlord's action and/or failure to act and was therefore prevented from paying the rent demanded. CC §1511.
E.In bad faith, the Plaintiff prevented the payment of rent payment - either prior to service of the notice to quit or during the notice period.
F.The landlord cannot evict for non-payment of rent that accrued during the period of the landlord's non-compliance with Civil Code §1962. [disclosure of ownership both written and verbal].
G.Defendant is permitted to tender late rent payments if paying a late charge or within a grace period, so Defendant was not in default of the payment of rent.
H.Landlord has accepted late payment of rent in the past and so waived the alleged breach.
I.Landlord accepted rent with actual and/or constructive knowledge of the alleged breach. As a result, landlord has waived the alleged breach and/or reinstated the tenancy
J.The deposit may be used to off-set any rent default, tenant has a deposit, so the rent is not delinquent.
K.Plaintiff and defendant(s) made other payment arrangements after service of the notice to quit (i.e., revised the notice to quit) - upon which defendant(s) detrimentally relied - so payment in the instant case was not delinquent.
//

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]
Martin Dean's
ESSENTIAL FORMS™

**ATTACHMENT
to Judicial Council Form
Page 26**

www.courtinfo.ca.gov

Romo, Sandra

MC-025

| SHORT TITLE:<br>Garcia v Romo; Orosco | CASE NUMBER:<br>UDBS1702711 |
|---|---|

### ATTACHMENT (Number): 3k
*(This Attachment may be used with any Judicial Council form.)*

L. Landlord made an oral agreement with tenant that the rent demanded in the notice could be paid at a later date, upon which tenant detrimentally relied.

### DEFECTIVE NOTICE
The notice is defective and/or inapplicable because:

A. Plaintiff did not serve the notice either (1) in person or (2) by both posting the notice on the door and mailing said notice.

B. Plaintiff failed to serve the notice at all.

C. It was not served as alleged in the complaint.

D. The notice was superseded by a later-served notice.

E. Landlord served upon tenant multiple notices, which confused the tenant as to what was expected of tenant.

F. The amount stated in the notice is more than the "amount due," i.e., the notice is overstated. Code of Civil Procedure §1161(2)-(4)

G. The amount stated in the notice is more than the "amount due" because the deposit may be used to off-set any rent default.

H. The amount requested in the notice included amounts other than rent, such as a late fee(s) or rental surcharge. Orozco v. Casimiro (2004) 121 Cal.App.4th Supp. 7.

I. The notice attached to the complaint does not comply with the requirements of Code of Civil Procedure Section §116l.

J. Code violations have existed for 6 months, so the rent landlord is charging this tenant is excessive. CC §1954.52

K. Plaintiff's failure to repair the plumbing has resulted in a very high water bill which Defendant has incurred and paid.

L. The notice attached to the complaint is different from the notice served.

### PREMATURE FILING OF COMPLAINT
The complaint was filed before expiration of the notice period because:

A. 3 days had not yet expired

B. The notice was served by posting and mailing and tenant should have been given an additional 5 days to act as required by CCP § 1013(a).

### CONSTRUCTIVE EVICTION
The landlord has breached the covenant of quiet enjoyment. See Stoiber v Honeychuck (1980) 101 CA3d 903, 925-926, 162 CR 194; Clark v Spiegel (1971) 22 CA3d 74, 79-80, 99 CR 86.

### RETALIATION
Plaintiff served a notice to quit and/or filed the present unlawful detainer to retaliate against defendant(s) for the peaceful and lawful exercise of other rights.

### IMPROPER SERVICE
Plaintiff's Complaint was not properly served (Code of Civil Procedure §§415.10-415.95).

### MISCELLANEOUS
Proof of Service not specified/attached to complaint. C.C.P. 1166(a)(5)

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 3 of 3
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]
Martin Dean's
ESSENTIAL FORMS™

**ATTACHMENT
to Judicial Council Form
Page 27**

www.courtinfo.ca.gov

Romo, Sandra

## CERTIFICATE OF SERVICE

I, the undersigned, whose name appears below, hereby certify,

That at all times mentioned herein, was more than 18 years of age and that on January 2, 2018,

I served the following process:

**NOTICE OF REMOVAL, NOTICE OF NOTICE OF REMOVAL, NOTICE OF STAY OF PROCEEDINGS, AND CERTIFICATION AND NOTICE OF INTERESTED PARTIES (LOCAL RULE 7.1-1)**

by First Class Mail, Postage pre-paid, in envelopes addressed as follows:

Counsel for Plaintiff:  JOSEFA E DE LA MORA GARCIA

> Josefa E De La Mora Garcia
> 13163 Sleepy Ridge Ln.
> Victorville, CA 92395

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on January 2, 2018, at Ontario, California.

_____Michael Balian_____          SIGNED _____
PRINTED NAME